# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ARMIDA BARCENA,                          )     Case No. CV 15-03997-JEM
                                         )
              Plaintiff,                  )
                                         )     MEMORANDUM OPINION AND ORDER
       v.                                )     AFFIRMING DECISION OF THE
                                         )     COMMISSIONER OF SOCIAL SECURITY
CAROLYN W. COLVIN,                       )
Acting Commissioner of Social Security,   )
                                         )
              Defendant.                  )
                                         )

## PROCEEDINGS

On May 27, 2015, Armida Barcena ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on September 8, 2015.  On February 23, 2016, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 56-year-old female who was found disabled as of April 27, 2006.  (AR 36.)  On March 7, 2012, it was determined that Plaintiff was no longer disabled as of March 1, 2012.  (AR 36.)  This determination was upheld on reconsideration after a disability hearing by a State agency Disability Hearing Officer.  (AR 36.)  Thereafter, Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lisa D. Thompson on April 4, 2013, in West Los Angeles, California.  (AR 36.)  Plaintiff appeared and testified at the hearing with the assistance of a Spanish interpreter and was represented by a non-attorney representative.  (AR 36.)  Vocational expert ("VE") Kelly Bartlett also appeared and testified at the hearing.  (AR 36.)

The ALJ issued an unfavorable decision on April 19, 2013.  (AR 36-44.)  The Appeals Council denied review on September 2, 2014.  (AR 12-14.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.      Whether the ALJ fulfilled her duty to fully and fairly develop the record.

2.      Whether the ALJ erred in determining Plaintiff's severe impairments.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

### THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  "Once a claimant has been found to be disabled, . . . a presumption of continuing disability arises in her favor [, and the Commissioner] bears the burden of producing evidence sufficient to rebut this presumption of continuing disability."  Bellamy v. Sec'y of Health & Human Serv., 755 F.2d 1380, 1381 (9th Cir. 1985); see also Murray v. Heckler, 722 F.2d 499, 500 (9th Cir. 1983) (disability benefits cannot be terminated without evidence of improvement which is reviewed under the substantial evidence standard).

A recipient whose condition has improved medically so that he is able to engage in substantial gainful activity is no longer disabled.  42 U.S.C. § 1382c(a)(4); 20 C.F.R § 416.994; Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1459 (9th Cir. 1995).  A medical improvement is:

> [A]ny decrease in the medical severity of [a recipient's] impairment(s) which was present at the time of the most recent favorable medical decision that [the recipient was] disabled or continued to be disabled.  A determination that there has been a decrease in medical severity must be based on

1    changes (improvement) in the symptoms, signs and/or laboratory findings

2    associated with [the recipient's] impairment(s) . . . .

3    20 C.F.R § 416.994(b)(1)(i), (2)(i).

4        The Commissioner has established an eight-step sequential process to determine if a

5    claimant continues to be disabled.  20 C.F.R. §§ 404.1594.  At step one, the ALJ m ust

6    determine if Claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1594(f)(1).

7        At step two, the ALJ must determine whether the claimant has an impairment or

8    combination of impairments that meets or medically equals the criteria of an impairment listed

9    in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

10   If the claimant does, his disability continues.  20 C.F.R. § 404.1594(f)(2).

11       At step three, the ALJ must determine whether medical improvement has occurred.  20

12   C.F.R. § 404.1594(f)(3).  Medical improvement is any decrease in medical severity of the

13   impairment(s) as established by improvement in symptoms, signs, and/or laboratory findings.

14   20 C.F.R. § 404.1594(b)(1).  If medical improvement has occurred, the analysis proceeds to

15   the fourth step.  If not, the analysis proceeds to the fifth step.

16       At step four, the ALJ must determine whether medical improvement is related to the

17   ability to work.  20 C.F.R. § 416.1594(f)(4).  Medical improvement is related to the ability to

18   work if it results in an increase in the claimant's capacity to perform basic work activities.  20

19   C.F.R. § 416.1594(b)(3).  If it does, the analysis proceeds to the sixth step.

20       At step five, the ALJ must determine if an exception to medical improvements applies.

21   20 C.F.R. § 404.1594(f)(5).  There are two groups of exceptions.  20 C.F.R. § 416.1594(d) and

22   (e).  If one of the first group exceptions applies, the analysis proceeds to the sixth step.  If one

23   of the second group exceptions applies, the claimant's disability ends.  If none apply, the

24   claimant's disability continues.

25       At step six, the ALJ must determine whether all the claimant's current impairments in

26   combination are severe.  20 CFR § 404.1594(f)(6).  If all current impairments in combination do

27   not significantly limit the claimant's ability to do basic work activities, the claimant is no longer

28   disabled.  If they do, the analysis proceeds to step seven.

At step seven, the ALJ must assess the claimant's residual functional capacity based on the current impairments and determine if she can perform past relevant work.  20 CFR § 404.1594(f)(7).  If the claimant has the capacity to perform past relevant work, her disability has ended.  If not, the analysis proceeds to step eight.

At step eight, the ALJ must determine whether other work exists that the claimant can perform, given her residual functional capacity and considering her age, education, and past work experience.  20 CFR § 404.1594(f)(8).  If the claimant can perform other work, she is no longer disabled.  If the claimant cannot perform other work, her disability continues.  In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given her residual functional capacity, age, education, and work experience.

## THE ALJ DECISION

The most recent favorable medical decision finding that the Claimant was disabled is the determination dated September 14, 2006.  (AR 37.)  Claimant had the medically determinable impairment of psydomyxoma peritonei with metastasis to multiple organs.  (AR 38.)

In this case, the ALJ determined at step one of the sequential process for medical improvement that Plaintiff did not engage in substantial activity through March 1, 2012, the date Plaintiff's disability ended.  (AR 38.)

At step two, the ALJ determined, as of March 1, 2012, the medical evidence establishes that Plaintiff had the following medically determinable severe impairments: psydomyxoma peritonei with metastasis to multiple organs, status-post surgical removal of multiple organs, tumor debulking, and chemotherapy; degenerative disc disease of the lumbar spine; early degenerative disc disease of the cervical spine; osteoarthritis of the bilateral knees; and depression.  (AR 38.)  The ALJ determined that since March 1, 2012, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 38-44.)

1   At step three, the ALJ determined that medical improvement occurred as of March 1,

2   2012.  (AR 38.)

3        At step four, the ALJ determined that medical improvement is related to the ability to

4   work because, as of March 1, 2012, Claimant's impairment no longer met or medically equaled

5   the same listing that was met at the time of the CPD (20 C.F.R. § 404.1594(c)(3)(i)).  (AR 38.)

6        At step five, the ALJ did not indicate any exceptions existed to medical improvement.

7        At step six, the ALJ determined that, considered individually and in combination,

8   Claimant's impairments present as of March 1, 2012, did not cause more than a minimal

9   impact on Claimant's ability to perform basic work activities.  (AR 38.)  Therefore, as of the date

10  of the ALJ decision (April 19, 2013), Claimant no longer had a severe impairment or

11  combination of impairments.  (AR 38.)

12       Consequently, the ALJ found that Claimant's disability ended as of March 1, 2012.  (AR

13  44.)

14                              **DISCUSSION**

15       The ALJ decision must be affirmed.  The ALJ did not fail to develop the record fully or

16  err in determining that Plaintiff's impairments were not severe.

17  **I.    THE ALJ FULFILLED HER DUTY TO DEVELOP THE RECORD.**

18       Plaintiff contends that the ALJ failed to fully develop the record.  The Court disagrees.

19       In Social Security cases, the ALJ has a special, independent duty to develop the record

20  fully and fairly and to assure that the Claimant's interests are considered.  Tonapetyan v.

21  Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713

22  F.2d at 441, 443 (9th Cir. 1983).  The ALJ has a basic duty to inform himself about facts

23  relevant to his decision.  Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J.,

24  concurring).  The ALJ's duty to develop the record exists even when the claimant is

25  represented by counsel.  Tonapetyan, 242 F.3d at 1150.  Ambiguous evidence or the ALJ's

26  own finding that the record is inadequate to allow for proper evaluation of the evidence triggers

27  the ALJ's duty to conduct an appropriate inquiry.  Smolen, 80 F.3d at 1288; Tonapetyan, 242

28  F.3d at 1150.

1    Plaintiff Armida Barcena underwent abdominal cancer surgery in May 2006 that led to

2    the removal of multiple organs.  (AR 38.)  The ALJ determined that there was no evidence of

3    any recurrence of cancer as of March 1, 2012.  (AR 38, 40, 41.)  Nonetheless, Plaintiff alleges

4    residual impairments resulting from her cancer treatment, including fatigue and memory

5    impairment.  She also alleges new and additional impairments, including degenerative disc

6    disease of the lumbar and cervical spine, osteoarthritis in the knees, and depression.

7    The ALJ determined, based on the medical evidence, that Claimant's physical and

8    mental impairments are not severe (AR 39), ending the sequential process for evaluating

9    medical improvement at step six.  In the opinion, the ALJ gave little weight to the opinions of

10   Drs. Grogan, Sitomer, and Bullock because they lack supporting documentation.  (AR 41-44.)

11   An ALJ "need not accept the opinion of any physician, if that opinion is brief, conclusory, and

12   inadequately supported by clinical findings."  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.

13   2002); see also Batson v. Comm'r, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004) (ALJ may reject a

14   physician's opinion that is not supported or contradicted by treatment notes).  Plaintiff does not

15   challenge the ALJ's determination that these medical opinions lack supporting documentation.

16   Claimant, however, does assert that the ALJ should have made an effort to obtain any

17   medical records from the above physicians, and erred by failing to do so.  Claimant further

18   claims that the record was insufficient and ambiguous and does not support the ALJ's

19   nonseverity finding, and that the ALJ's finding of nonseverity was "due to lack of supporting

20   evidence."  (JS 16:18-20.)

21   Claimant's contentions mischaracterize the ALJ's opinion and the record.  The ALJ did

22   not conclude that there were any ambiguities in the record or that the record was inadequate to

23   make a decision, and her nonseverity finding certainly was not "due to lack of supporting

24   evidence."  The ALJ's finding that Plaintiff's physical and mental impairments are not severe

25   was based on substantial medical evidence, the significance of which Plaintiff does not address

26   or evaluate.

27   The ALJ's finding that Plaintiff's physical impairments are nonsevere is supported by the

28   February 2, 2012, opinion of consulting examiner Dr. Michael Wallack, an internist.  (AR 40, 41,

265-271.)  He noted that an MRI showed no evidence of residual cancer.  (AR 40, 265, 269.)
Plaintiff reported lower back pain after chemotherapy, which is relieved with Advil.  (AR 40,
266.)  There has been no medical workup of her back, and she was agile and able to walk and
get on and off the exam table.  (AR 40.)  Range of motion of upper and lower extremities was
normal with only slight tenderness in the lumbar area.  (AR 268.)  Accordingly, Dr. Wallack
found no limitations in standing/walking/sitting.  (AR 269-270.)  He also found no lifting/carrying
or postural limitations.  (AR 270.)  He imposed no work-related functional limitations.  (AR 41.)
The ALJ gave considerable weight to Dr. Wallack's opinion.  (AR 41.)  Dr. Wallack's opinion,
moreover, was supported by State agency reviewing physicians, Dr. Chan and Dr. Friedman.
(AR 274-275, 292-293.)

Claimant was seen by orthopedist Dr. Thomas Grogan in March 2012.  (AR 40, 287-
291.)  Despite Claimant's report of pain in her knees, neck, and hands, Dr. Grogan found full
range of motion in Plaintiff's upper and lower extremities, full grip strength, and full muscle
strength.  (AR 40.)  Claimant did demonstrate 70% of normal range of the cervical and lumbar
spine.  (AR 40.)  Dr. Grogan indicated x-rays show multilevel degenerative disc disease and
early osteoarthritis of the knees.  (AR 40, 288.)  The ALJ, however, noted at the hearing that
the x-rays were not provided.  (AR 56.)  The ALJ also noted that the exam findings of
osteoarthritis were minimal.  (AR 56.)  Dr. Grogan also completed a Physical Capacity
Evaluation in which he assessed Plaintiff with marked limitations, including lifting of no more
than 5 pounds.  (AR 42-43, 321-22.)  The ALJ gave little weight to Dr. Grogan's opinion
because he only saw her once and did not provide significant clinical and laboratory findings
one would expect of someone disabled.  (AR 42.)  The ALJ noted that Dr. Grogan did not
specifically address this weakness.  (AR 42.)

As for mental impairments, the ALJ cited the February 2012 psychological consulting
examination conducted by Dr. Lou Ellen Sherrill, Ph.D.  (AR 42, 256-63.)  Claimant put forth
suboptimal effort and Dr. Sherrill concluded Plaintiff was not a reliable historian and was
engaging in symptom exaggeration.  (AR 42.)  The ALJ afforded great weight to Dr. Sherrill's
opinion that Claimant would not have any work-related mental limitations.  (AR 43.)  Dr.

1    Sherrill's opinion was consistent with State agency reviewing physicians Dr. Morgan, Dr.

2    Friedman and Dr. Bilik.  (AR 43.)

3         The ALJ afforded little weight to the opinion of psychologist Linda Sitomer, Ph.D., that

4    Plaintiff was mentally incapable of full-time employment.  (AR 43-44, 316-20.)  The ALJ found

5    that there were no supporting progress reports and that Dr. Sitomer relied primarily on

6    Claimant's subject symptom reports.  (AR 43-44.)  As the ALJ made an adverse credibility

7    finding (AR 43), she may reject a physician's opinion based on subjective complaints of a

8    claimant whose credibility has been discounted.  Tonapetyan v. Halter, 242 F.3d 1144, 1149

9    (9th Cir. 2001).  Similarly, the ALJ gave little weight to the opinion of Dr. Alban Bullock, who

10   prescribed medications for depression and anxiety but does not appear to have conducted a

11   mental status examination.  (AR 42-43.)

12        Thus, the ALJ's nonseverity finding was based on substantial evidence in the form of

13   objective physical and mental evidence and medical opinions.  The ALJ properly gave little

14   weight to medical opinions unsupported by treatment notes and records, x-rays or other

15   laboratory findings.  See Thomas, 278 F.3d at 957; Batson, 359 F.3d at 1195 & n.3.  Plaintiff

16   complains that the ALJ failed to develop the record fully and should have attempted to obtain

17   further records from the physicians who did not have supporting documentation.  The ALJ,

18   however, warned Plaintiff and her representative at the hearing that there was not a lot of

19   evidence of a severe impairment, "So, hint, I want you to help me out here."  (AR 56.)  Plaintiff's

20   counsel agreed to do so (AR 56), but Plaintiff never supplemented the record with any of the

21   treatment documentation allegedly missing nor has Plaintiff proffered any evidence on this

22   appeal.  This case is similar to Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999), in which an

23   ALJ voiced his concerns to a claimant and her counsel about the lack of any basis to support a

24   physician's opinion and kept the record open so it could be supplemented.  Id. at 602.  The

25   Ninth Circuit commented, "It is important to note that at this point the ALJ satisfied his duty

26   under Smolen."  Id.  Plaintiff has no reason to complain when, as here, the ALJ made clear

27   there was no evidence for a severe impairment, asked Plaintiff's representative for help with

28   further documentation, and Plaintiff's representative agreed to provide that documentation.

1    The ALJ did not fail to develop the record fully and was not obliged to inquire further.

2    **II.    THE ALJ DID NOT ERR IN DETERMINING THE SEVERITY
       OF PLAINTIFF'S IMPAIRMENTS.**

3         Plaintiff contends that the ALJ's nonseverity finding is in error.  The Court disagrees.

4         At step two of the sequential inquiry (step six of the medical improvement inquiry), the

5    ALJ determines whether the claimant has a medically severe impairment or combination of

6    impairments.  Bowen, 482 U.S. at 140-41.  An impairment is not severe if it does not

7    significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  The ALJ, however,

8    must consider the combined effect of all the claimant's impairments on his ability to function,

9    regardless of whether each alone was sufficiently severe.  Id.  Also, the ALJ must consider the

10   claimant's subjective symptoms in determining severity.  Id.

11        The step two determination is a de minimis screening device to dispose of groundless

12   claims.  Bowen, 482 U.S. at 153-54.  An impairment or combination of impairments can be

13   found nonsevere only if the evidence establishes a slight abnormality that has no more than a

14   minimal effect on an individual's ability to work.  See SSR 85-28; Webb v. Barnhart, 433 F.3d

15   683, 686-87 (9th Cir. 2005); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306

16   (9th Cir. 1988) (adopting SSR 85-28).  If an adjudicator is unable to determine clearly the effect

17   of an impairment or combination of impairments on the individual's ability to do basic work

18   activities, the sequential process should not end at step two.  Webb, 433 F.3d at 687 (adopting

19   SSR 85-28).

20        In this case, the ALJ's nonseverity finding is based on substantial medical evidence.

21   Specifically, the ALJ relied on the opinions of Dr. Wallack, Dr. Sherrill and numerous State

22   agency reviewing physicians to support the finding that Plaintiff's physical and mental

23   impairments are not severe.  The ALJ also gave great weight to the opinion of Dr. Sherrill, who

24   found Plaintiff to be exaggerating her symptoms.  (AR 42, 43.)  Thus, the ALJ discounted the

25   severity of Plaintiff's subjective symptoms in making her nonseverity finding.  (AR 43.)  Plaintiff

26   does not address any of the above evidence in challenging the ALJ's nonseverity finding.

27

28

1    Instead, Plaintiff cites the opinions of Dr. Bullock and Dr. Grogan in support of her

2  contention that her physical and mental impairments are severe.  Yet, as noted in the previous

3  section, the ALJ properly rejected these opinions because they were not accompanied by

4  supporting documentation.  There is no acceptable medical evidence establishing a severe

5  impairment.  Plaintiff also focuses on her own subjective symptoms, but subjective symptoms

6  cannot establish disability in the absence of objective medical evidence of a severe impairment.

7  SSR 96-3p; Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2006).  The ALJ, moreover,

8  found reason to discount the severity of Plaintiff's subjective symptoms.  (AR 42-43.)

9    The ALJ did not err in finding that Plaintiff does not have a severe physical or mental

10  impairment.

11    * * *

12    The ALJ's nondisability determination is supported by substantial evidence and free of

13  legal error.

14    **ORDER**

15    IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

16  Commissioner of Social Security and dismissing this case with prejudice.

17

18  DATED: March 18, 2016 _____        _____/s/ John E. McDermott_____

19                                                                          JOHN E. MCDERMOTT
                                                                            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28